# IN THE UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
# SPRINGFIELD DIVISION

| | | |
|---|---|---|
| DOUGLAS YOUNG and CORALIE BREWER, | ) ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | No. 15-3332 |
| JOSHOUA SPROAT, DEPARTMENT OF CHILDREN AND FAMILY SERVICES, COUNTY OF MONTGOMERY, PATRICIA KAIDELL, SCOTT LONGKNECKER, BONNIE LINDENHOUR, CHRISTOPHER MATOUSH, JAMES FRANK, JOY OAKLEY, TANIA BOERCKEL, KELLI BRUHN, JUDGE JARMAN, ELIZABETH WILSON, JOHN EVANS, DENNIS ATTERBURY, KIMBERLY ALLEN, AND DRUG ENFORCEMENT AGENCY, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## OPINION

**SUE E. MYERSCOUGH, U.S. District Judge.**

This cause is before the Court on Plaintiffs' Motion for Leave to Proceed In Forma Pauperis (d/e 2) and Motion to Request Counsel (d/e 3). Plaintiffs' motion for Leave to Proceed In Forma Pauperis is GRANTED IN PART. Plaintiff Coralie Brewer may proceed in forma

pauperis against Defendants "Joshoua" Sproat, Kimberly Allen, Bonnie Lindenhour, and Kelli Bruhn on Brewer's familial relations substantive due process claim brought pursuant to 42 U.S.C. § 1983 and state law intentional infliction of emotional distress claim. Plaintiff Brewer's claims against the remaining Defendants are DISMISSED without prejudice and with leave to replead. Plaintiff Douglas Young's claims against all of the Defendants are DISMISSED without prejudice and with leave to replead. Plaintiffs' Motion to Request Counsel (d/e 3) is DENIED without prejudice and with leave to replead.

## I. BACKGROUND

On December 2, 2015, Plaintiffs filed, pro se, a "Notice of Tort Claim," which this Court interprets as a Complaint. The Complaint contains the following facts.

In October 2013, the Illinois Department of Children and Family Services (DCFS) removed Plaintiff Brewer's children from her care after DCFS received notice that Brewer was allegedly harming her children. The Complaint does not explain Plaintiff Young's role in the case, other than that he is Brewer's fiancé. The Complaint does not allege that Plaintiff Young is the father of the children.

Plaintiff Brewer claims that she is being denied the fundamental right to be with and parent her children, to receive updates on how her children are doing, and to have visits with her children.

Plaintiff Brewer alleges that Sproat—a subsequent filing by Plaintiffs indicates that Sproat works for Family Service Center[1] in Springfield, Illinois (see d/e 4)—fabricated evidence and lied under oath to keep Brewer's children away from Brewer. In particular, Sproat lied and said Brewer failed a drug test when Brewer had actually passed the drug test.

Brewer also alleges that Sproat conspired with others to harm Brewer, falsified evidence, and mispresented facts to the state court judge, Judge Jarman, in an effort to keep Brewer's children from her. She further alleges that Patricia Kaidell (also of Family Service Center, see d/e 4), Scott Longknecker (Sproat's supervisor), and Sproat knew or should have known that Judge Jarman would rely on the false testimony, fabrication, and false documents to make the adjudication.

---

[1] Family Service Center is a licensed non-profit social service agency. See www.service2families.com.

Page **3** of **17**

In addition, Sproat and Longknecker allegedly knew early on that Brewer's children were not sexually abused, but Sproat failed to properly investigate, which caused Brewer to lose more time with her children. Brewer further alleges that Sproat used information from Brewer's ex-spouse, James Frank, and his partner, Joy Oakley, without any further investigation into the truth or accuracy of the information.

Brewer also makes allegations against numerous other individuals. Brewer alleges that DCFS investigator Kimberly Allen filed a false and slanderous petition against Brewer and used false and slanderous information to keep Brewer's children away from Brewer. See d/e 4 (identifying that Allen works for DCFS). DCFS worker Bonnie Lindenhour and Catholic Charities worker Kelli Bruhn allegedly falsely accused Brewer—under oath and by affidavit—of harming Brewer's children. See d/e 4 (identifying where Lindenhour and Bruhn work). Brewer alleges that Tania Boerckel placed a call to DCFS and made false statements.

Additionally, Brewer asserts that Montgomery County is being sued "for such failure to train its employees." Compl. at 5 (d/e 1). Christopher Matoush (Montgomery County State's Attorney, see d/e

4) allegedly had the Drug Enforcement Agency (DEA) write a false statement against Plaintiff Young.  Brewer asserts that Matoush, Elizabeth Wilson (Montgomery County Assistant State's Attorney, see d/e 4), John Evans (an attorney, see d/e 4), Judge Jarman, Longknecker, the DEA, Sproat, and Dennis Atterbury (an attorney, see d/e 4) are all working together to keep Brewer' children from coming home.  Plaintiffs seek damages in the amount of $10 million and punitive damages.

## II. ANALYSIS

Plaintiffs filed a Motion to Proceed In Forma Pauperis.  When a plaintiff seeks leave to proceed in forma pauperis, his or her complaint is subject to review by the district court.  See 28 U.S.C. § 1915(e)(2); Estrada v. Reed, 346 F. App'x 87, 90 (7th Cir. Sept. 1. 2009) (unpublished disposition) (noting that the "district court must screen the complaint of any plaintiff who would like to proceed in forma pauperis").  Moreover, the district court shall dismiss the case if the court determines that the action is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. §1915(e)(2)(B)(i)-(iii); see also Rowe v. Shake,

196 F.3d 778, 783 (7th Cir. 1999) (noting that the "district court may screen the complaint prior to service on the defendants, and must dismiss the complaint if it fails to state a claim") (citing 28 U.S.C. §1915(e)(2)(B)).  When screening a complaint to determine whether it states a claim, the court applies the same standard used to evaluate dismissals under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  See Arnett v Webster, 658 F.3d 742, 751 (7th Cir. 2011) (applying the Rule12(b)(6) standard when reviewing a dismissal under §1915(e)(2)(B) for failure to state a claim).

To state a claim for relief, plaintiffs need only provide a short and plain statement of the claim showing they are entitled to relief and giving the defendants fair notice of the claims.  Tamayo v. Blagojevich, 526 F.3d 1074, 1081 (7th Cir. 2008).  A court construes the complaint in the light most favorable to the plaintiffs, accepting all well-pleaded allegations as true and construing all reasonable inferences in plaintiffs' favor.  Id.  Pro se pleadings are liberally construed.  See Ambrose v. Roeckeman, 749 F.3d 615, 618  (7th Cir. 2014) (stating that "[t]he question for us is whether the petition adequately presents the legal and factual basis for the

claim, even if the precise legal theory is inartfully articulated or more difficult to discern.").

A complaint must, however, set forth facts that plausibly demonstrate a claim for relief. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 547 (2007). A plausible claim is one that alleges facts from which a court can reasonably infer that the defendants are liable for the misconduct alleged. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Merely reciting the elements of a cause of action or supporting claims with conclusory statements is insufficient to state a cause of action. Id.

In this case, to state a claim pursuant to 42 U.S.C. § 1983, Plaintiffs must allege (1) the deprivation of a right secured by the Constitution or laws of the United States; and (2) the alleged deprivation was committed by a person acting under the color of state law. Rodriguez v. Plymouth Ambulance Serv., 577 F.3d 816, 822 (7th Cir. 2009). Parents have a fundamental right to make decisions concerning the care, custody, and control of their children pursuant to the Due Process Clause of the Fourteenth Amendment. Troxel v. Granville, 530 U.S. 57, 66 (2000). The right is not absolute, however, and "must be balanced against the state's

interest in protecting children from abuse." Siliven v. Ind. Dep't of Child Servs., 635 F.3d 921, 928 (7th Cir. 2011). Nonetheless, "[t]he Due Process Clause of the Fourteenth Amendment prohibits the government from interfering in familial relationships unless the government adheres to the requirements of procedural and substantive due process." Croft v. Westmoreland Cnty. Children and Youth Servs., 103 F. 3d 1123, 1125 (3d Cir. 1997).

To the extent Plaintiff Brewer alleges that certain Defendants made knowingly false statements to deprive Brewer of her parental rights, Brewer states a deprivation of a constitutional right. Brokaw v. Mercer Cnty., 235 F.3d 1000, 1012, 1019 (7th Cir. 2000) (finding Fourth Amendment and substantive due process claims based on allegations that the defendants knew the allegations of child neglect were false or withheld material information and caused or conspired to cause the minor's removal of the home and separation from his parents); Hernandez ex rel. Hernandez v. Foster, 657 F.3d 463, 479-80 (7th Cir. 2011) (the parents stated a familial relations substantive due process claim where they alleged that the defendants continued to hold their child in protective custody when the defendants knew they had no reason to do so);

Sebesta v. Davis, No. 12 C 7834, 2013 WL 5408796 at *3 (N.D. Ill. Sept. 26, 2013) (mother stated a familial relations substantive due process claim when she alleged facts suggesting that the defendants had no reasonable basis to indicate her for neglect); Evans ex rel. Evans v. Richardson, No. 08 C 5593, 2010 WL 1194272, at *6 (N.D. Ill. March 19, 2010) (finding the plaintiffs alleged a violation of plaintiffs' substantive due process right to familial relations by taking the child into protective custody without evidence of abuse, without a court order prior to removal, and allegedly with no petition with the court after removal, and conditioning contact with the child on supervised visits).  Brewer makes such allegations against Sproat, Allen, Lindenhour, and Bruhn.[2]

Specifically, Plaintiff Brewer alleges that Sproat fabricated evidence and lied under oath to keep Brewer's children away from her.  Sproat allegedly lied and said Brewer failed a drug test when she had not.  He also allegedly conspired with others to harm

---

[2] The Court assumes the claims are brought against these Defendants in their individual capacity because an official capacity suit against a state actor would be a suit against the state and be barred by the Eleventh Amendment.  See Brokaw, 235 F.3d at 1009 ("Federal suits against state officials in the official capacities are barred by the Eleventh Amendment[.]").

Brewer, falsify evidence, and misrepresent facts in court to keep Brewer's children from her.

Plaintiff Brewer also alleges that DCFS investigator Allen, filed a false and slanderous petition against Brewer and used false information to keep Brewer's children from her.  Similarly, DCFS employee Lindenhour and Catholic Charities employee Bruhn allegedly made false statements under oath accusing Brewer of harming her children.  Therefore, Plaintiff Brewer has alleged the deprivation of a constitutional right by these Defendants.

Plaintiff Brewer has also alleged that the purported deprivation was committed by persons acting under color of law.  Plaintiff Brewer alleges that Allen and Lindenhour are state workers.  While Sproat and Bruhn are not state workers, a liberal construction of Plaintiff Brewer's allegations suggests that Sproat and Bruhn purportedly conspired with the state workers to deprive Plaintiff Brewer of her fundamental right to parent her children.  Private parties can be found liable under § 1983 if they conspired with a state actor.  See, e.g., Thurman v. Village of Homewood, 446 F.3d 682, 687 (7th Cir. 2006) (a private actor acts under color of law if he reaches an understanding with a state official to deprive the

plaintiff of her constitutional rights and the private individual willfully participated in joint activity with the state or its agents).

Plaintiff Brewer has also stated a claim for intentional infliction of emotional distress against these four Defendants. A claim for intentional infliction of emotional distress requires that a plaintiff allege (1) extreme and outrageous conduct by the defendants; (2) that the defendants either intended to or knew that there was a high probability that their conduct would cause severe emotional distress; and (3) the conduct caused severe emotional distress. Feltmeier v. Feltmeier, 207 Ill. 2d 263, 269 (2003) (quoting McGrath v. Fahey, 126 Ill. 2d 78, 86 (1988)). Liberally construing Brewer's allegations, the Court finds that she has stated an intentional infliction of emotional distress claim against Defendants Sproat, Allen, Lindenhour, and Bruhn based on the allegations that they lied and used false information to take and keep Plaintiff Brewer's children from her.

Brewer fails to state a claim, however, against the other Defendants. Judge Jarman is entitled to judicial immunity for his judicial acts. Brokaw, 235 F.3d at 1015 (finding a judge is entitled to absolute judicial immunity for his judicial acts unless he acted in

the clear absence of jurisdiction, even if the action is erroneous, malicious, or in excess of his authority).  The claim against DCFS is barred by the Eleventh Amendment.  Ryan v. Ill. Dep't of Children and Family Servs., 185 F.3d 751, 758 (7th Cir. 1999) (as an agency of the state, DCFS is entitled to Eleventh Amendment Immunity).  Additionally, Brewer only pleads conclusions of law against Montgomery County.  Iqbal, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

    Furthermore, Plaintiff Brewer's claim against the DEA is essentially a claim against the United States, and she cannot bring a §1983 suit against the United States because §1983 applies to state actors.  See Taylor v. Hayes, No. 3:04-CV-694-DRH, 2006 WL 1540824, at * 2 (S.D. Ill. Apr. 6, 2006), report & recommendation adopted by 2006 WL 1528886 (S.D. Ill. June 1, 2006).  Plaintiff Brewer fails to allege any facts against the DEA suggesting another cause of action might exist against the DEA (and for which the United States has waived sovereign immunity).  See, e.g., id.

    The allegations against Matoush, Wilson, Evans, Longknecker, DEA and Atterbury—that they are all working together to keep

Brewer's children from coming home—are too speculative and implausible, as pleaded, to state a claim. To the extent Brewer attempts to allege a conspiracy regarding Matoush, Wilson, Evans, Longknecker, and Atterbury, she must allege facts suggesting that the "conspirators have an agreement to inflict injury or harm upon [her]." Sow v. Fortville Police Dep't, 636 F.3d 293, 304-05 (7th Cir. 2011). Furthermore, Longknecker cannot be held liable solely because he is Sproat's supervisor. See League of Women Voters of Chi. v. City of Chi., 757 F.3d 722, 727 (7th Cir. 2014) (Section 1983 does not allow liability under a theory of respondeat superior). Even liberally construing Brewer's allegations, the Court finds that Brewer fails to state a claim against these Defendants.

Additionally, Plaintiff Brewer alleges that Boerckel placed a call to DCFS and made false statements but provides no other allegations pertaining to Boerckel. Plaintiff Brewer's supplemental submission (d/e 4) does not shed any additional light on Boerckel's role in the case. Plaintiff Brewer also lists Kaidell as a Defendant but does not specifically make allegations against Kaidell. Kaidell is named in a paragraph along with Longknecker and Sproat, but the allegations in that paragraph appear to relate solely to Sproat.

Therefore, Kaidell role in this case is unclear. Without any additional allegations about Boerckel and Kaidell, Plaintiff Brewer fails to state a claim against them.

Plaintiff Brewer's allegations against Frank and Oakley—that Sproat used information from them without further investigation—does not state a claim against Frank and Oakley for deprivation a constitutional right by a person acting under color of law or for intentional infliction of emotional distress. Therefore, Plaintiff Brewer fails to state a claim against Frank and Oakley.

The Court further finds that Plaintiff Young has failed to state a claim against any of the Defendants. The only specific reference to Plaintiff Young is the allegation that Matoush wrote a false statement against Young. As noted above, Young does not allege that any of the children are his. Plaintiff Young does not allege facts suggesting he suffered a deprivation of a right secured by the Constitution or laws of the United States or that such deprivation was committed by a person acting under the color of state law. Therefore, all of Plaintiff Young's claims against the Defendants are dismissed for failure to state a claim.

Finally, Plaintiffs request counsel. This Court has the discretion to recruit counsel to represent a civil litigant who cannot afford counsel. <u>Navejar v. Iyiola</u>, 718 F.3d 692, 696 (7th Cir. 2013). When faced with a motion to appoint counsel, the Court first considers whether the indigent plaintiff has made a reasonable attempt to obtain counsel or has been effectively precluded from doing so. <u>Pruitt v. Mote</u>, 503 F.3d 647, 654 (7th Cir. 2007). If so, the Court then considers whether, given the difficulty of the case, the plaintiff is competent to litigate it himself or herself. <u>Id.</u>

Here, Plaintiffs have not indicated whether they contacted any attorneys or organizations seeking representation and do not attach documents to their Motion showing that they have asked several attorneys to represent them. In addition, Plaintiffs do not allege that they have been effectively precluded from making a reasonable attempt to obtain counsel. Therefore, the Motion is denied without prejudice to refiling.

### III. CONCLUSION

**For the reasons stated, Plaintiffs' Motion for Leave to Proceed in Forma Pauperis (d/e 2) is GRANTED IN PART.** Upon review of the Complaint, the Court finds that Plaintiff Brewer has

stated a familial relations substantive due process right claim under 42 U.S.C. § 1983 and a state law intentional infliction of emotional distress claim against the following Defendants: Joshoua Sproat, Kimberly Allen, Bonnie Lindenhour, and Kelli Bruhn.  The case will proceed only on that claim against those Defendants.  Plaintiff Brewer fails to state a claim against the remaining Defendants, and the claims against DCFS, Montgomery County, Patricia Kaidell, Scott Longknecker, Christopher Matoush, James Frank, Joy Oakley, Tania Boerckel, Judge Jarman, Elizabeth Wilson, John Evans, Dennis Atterbury, and the DEA are DISMISSED without prejudice.  Plaintiff Young fails to state a claim against any Defendants and all of Plaintiff Young's claims are DISMISSED without prejudice.  To the extent Plaintiff Brewer believes she can state a claim against the dismissed Defendants, and to the extent Defendant Young believes he can state a claim against any Defendant, Plaintiffs are granted leave to file an Amended Complaint.  Plaintiffs are advised that an Amended Complaint completely replaces the original Complaint.  The Amended Complaint must contain all of Plaintiffs' claims against all of the Defendants.  Plaintiffs may want to use the Court's form Complaint

(although they do not have to do so).  **The Clerk is DIRECTED to send Plaintiffs the Standard Civil Rights Complaint Packet (Non-Prisoner).**  If Plaintiffs want to file an Amended Complaint, they shall file the Amended Complaint on or before December 22, 2015.  If Plaintiffs do not do so, the Court will assume that Plaintiff Brewer intends to proceed only on her claims against the four Defendants, and the Court will direct service on those four Defendants.  **The Motion to Request Counsel (d/e 3) is DENIED without prejudice and with leave to refile.**

ENTER: December 8, 2015

FOR THE COURT:

                                                   s/Sue E. Myerscough  
                                           SUE E. MYERSCOUGH  
                                           UNITED STATES DISTRICT JUDGE