E-FILED
Thursday, 18 February, 2016  03:04:27 PM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

| | | |
|---|---|---|
| **DOUGLAS YOUNG and CORALIE BREWER,** | ) | |
| | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **No. 15-3332** |
| | ) | |
| **JOSHOUA SPROAT, BONNIE LINDENHOUR, KIMBERLY ALLEN, PATRICIA KAIDELL, SCOTT LONGKNECKER, KELLI BRUHN, CHRISTOPHER MATOUSH, JAMES FRANK, JOY OAKLEY, TANIA BOERCKEL, JUDGE JARMAN, ELIZABETH WILSON, JOHN EVANS, DENNIS ATTERBURY, AND DRUG ENFORCEMENT AGENCY,** | ) ) ) ) ) ) ) ) ) ) ) ) | |
| | ) | |
| **Defendants.** | ) | |

### OPINION

**SUE E. MYERSCOUGH, U.S. District Judge.**

This cause is before the Court on Plaintiffs' Motion for Leave to Proceed In Forma Pauperis (d/e 7).  The Motion is GRANTED IN PART and DENIED IN PART.   Plaintiff Coralie Brewer is granted leave to proceed in forma pauperis against Defendants Joshoua Sproat, Kimberly Allen, Bonnie Lindenhour, Scott Longknecker, and

Kelli Bruhn on a familial relations substantive due process claim
(Count I) and against Defendants Lindenhour and Bruhn on a
procedural due process claim (Count II) under 42 U.S.C. § 1983.
Plaintiff Douglas  Young fails to state a claim against any
Defendants and all of Plaintiff Young's claims are DISMISSED.

## I. BACKGROUND

On December 2, 2015, Plaintiffs filed, pro se, a "Notice of Tort
Claim," which the Court interpreted as a Complaint (d/e 1), and a
Motion to Proceed In Forma Pauperis (d/e 2).  On December 8,
2015, the Court granted Plaintiff Coralie Brewer leave to proceed in
forma pauperis against Defendants Joshoua Sproat, Kimberly Allen,
Bonnie Lindenhour, and Kelli Bruhn on Brewer's familial relations
substantive due process claim brought pursuant to 42 U.S.C.
§ 1983 and state law intentional infliction of emotional distress
claim.  The Court dismissed Plaintiff Brewer's claims against the
remaining Defendants without prejudice and with leave to replead.
The Court also dismissed Plaintiff Douglas Young's claims against
all of the Defendants without prejudice and with leave to replead.
The Court cautioned Plaintiffs that an Amended Complaint
completely replaces the original Complaint and that the Amended

Complaint must contain all of Plaintiffs' claims against all of the Defendants.

On December 16, 2015, Plaintiffs filed an Amended Complaint (d/e 6) and a Motion for Leave to Proceed <u>In</u> <u>Forma</u> <u>Pauperis</u> (d/e 7).  The Amended Complaint contains the following allegations, which are taken as true for purposes of this Opinion only.

In October 2013, Defendants Bonnie Lindenhour, an investigator with the Department of Children and Family Services (DCFS), and Kelli Bruhn, a family intact counselor with Catholic Charities Family, allegedly removed Brewer's children from Brewer's care without a warrant or consent.  Plaintiffs allege that Lindenhour also lied under oath.  It appears, although it is not specifically alleged, that a proceeding under the Juvenile Court Act of 1987 (705 ILCS 405/2-1 <u>et</u> <u>seq.</u>) remains pending regarding Brewer's children.

Defendant Joshoua Sproat, a child welfare specialist with Family Services Center, allegedly opened a criminal file relating to Plaintiff Young's past without court permission and which purportedly harmed Brewer's case relating to her children.  Sproat also allegedly gave Brewer an illegal drug test and lied under oath.

Defendant Kimberly Allen, a DCFS investigator, allegedly made false accusations that Brewer's child was sexually abused when the child was not sexually abused. Allen also allegedly said that Brewer abused her children when Brewer did not do so. Plaintiffs allege that Allen badgered Brewer's children by making them lie.

Defendant Patricia Kaidell, a supervisor with Family Services Center, allegedly told Brewer that Brewer's children would be home with Brewer in six months if Brewer did what Brewer had to do, such as taking domestic violence and parenting classes.

Defendant Scott Longknecker, a Family Services Center supervisor, allegedly told Sproat to lie under oath and terminate Brewer's visits by giving Brewer an illegal drug test. Longknecker also allegedly threatened Brewer's brother, who has custody of Brewer's children, that if the rest of Brewer's family sees the children, Sproat will take the children away.

Plaintiffs allege that Defendant Christopher Matoush, Montgomery County State's Attorney, had the Drug Enforcement Agency write false statements against Plaintiff Young.

Defendants James Frank and Joy Oakley allegedly called Brewer's caseworker and made false allegations.

Defendant Tania Boerckel allegedly called Sproat and told him to open Plaintiff Young's file from 2006 without a judge's consent.

Defendant Judge Jarman allegedly listened to DCFS's lies and never heard Plaintiff Brewer's side of the story.

Plaintiffs allege that Defendant Elizabeth Wilson, Montgomery County Assistant State's Attorney, accepted what DCFS told her, listened to DCFS's lies, and used Brewer's probation and juvenile case against her. In May 2015, Wilson allegedly threated to give Brewer three years in prison for Plaintiff Young's past.

Defendant Attorney John Evans allegedly lied under oath.

Plaintiffs allege that Defendant Public Defender Dennis Atterbury did not stand up for Brewer's Fourteenth and Sixth Amendment rights and did not defend her at all.

Finally, Plaintiffs allege that Defendant Drug Enforcement Agency wrote a false statement against Plaintiff Young as grounds to keep Brewer's children from her.

## II. ANALYSIS

Plaintiffs filed a Motion to Proceed In Forma Pauperis (d/e 7). When a plaintiff seeks leave to proceed in forma pauperis, his or her complaint is subject to review by the district court. See 28 U.S.C. §

1915(e)(2); <u>Estrada v. Reed</u>, 346 F. App'x 87, 90 (7th Cir. Sept. 1.
2009) (unpublished disposition) (noting that the "district court must
screen the complaint of any plaintiff who would like to proceed <u>in
forma pauperis</u>").  Moreover, the district court shall dismiss the
case if the court determines that the action is frivolous or
malicious; fails to state a claim on which relief may be granted; or
seeks monetary relief against a defendant who is immune from
such relief.  28 U.S.C. §1915(e)(2)(B)(i)-(iii); <u>see</u> <u>also</u> <u>Rowe v. Shake</u>,
196 F.3d 778, 783 (7th Cir. 1999) (noting that the "district court
may screen the complaint prior to service on the defendants, and
must dismiss the complaint if it fails to state a claim") (citing 28
U.S.C. §1915(e)(2)(B)).  When screening a complaint to determine
whether it states a claim, the court applies the same standard used
to evaluate dismissals under Rule 12(b)(6) of the Federal Rules of
Civil Procedure.  <u>See</u> <u>Arnett v Webster</u>, 658 F.3d 742, 751 (7th Cir.
2011) (applying the Rule12(b)(6) standard when reviewing a
dismissal under §1915(e)(2)(B) for failure to state a claim).

   To state a claim for relief, plaintiffs need only provide a short
and plain statement of the claim showing they are entitled to relief
and giving the defendants fair notice of the claims.  <u>Tamayo v.</u>

Blagojevich, 526 F.3d 1074, 1081 (7th Cir. 2008).  A court

construes the complaint in the light most favorable to the plaintiffs,

accepting all well-pleaded allegations as true and construing all

reasonable inferences in plaintiffs' favor.  Id.  Pro se pleadings are

liberally construed.   See Ambrose v. Roeckeman, 749 F.3d 615,

618  (7th Cir. 2014) (stating that "[t]he question for us is whether

the petition adequately presents the legal and factual basis for the

claim, even if the precise legal theory is inartfully articulated or

more difficult to discern.").

A complaint must, however, set forth facts that plausibly

demonstrate a claim for relief.  Bell Atlantic Corp. v. Twombly, 550

U.S. 544, 547 (2007).  A plausible claim is one that alleges facts

from which a court can reasonably infer that the defendants are

liable for the misconduct alleged.  Ashcroft v. Iqbal, 556 U.S. 662,

678 (2009).  Merely reciting the elements of a cause of action or

supporting claims with conclusory statements is insufficient to

state a cause of action.  Id.

In this case, to state a claim pursuant to 42 U.S.C. § 1983,

Plaintiffs must allege (1) the deprivation of a right secured by the

Constitution or laws of the United States; and (2) the alleged

deprivation was committed by a person acting under the color of state law.  Rodriguez v. Plymouth Ambulance Serv., 577 F.3d 816, 822 (7th Cir. 2009).  Parents have a fundamental right to make decisions concerning the care, custody, and control of their children pursuant to the Due Process Clause of the Fourteenth Amendment. Troxel v. Granville, 530 U.S. 57, 66 (2000).   The right is not absolute, however, and "must be balanced against the state's interest in protecting children from abuse."  Siliven v. Ind. Dep't of Child Servs., 635 F.3d 921, 928 (7th Cir. 2011).  Nonetheless, "[t]he Due Process Clause of the Fourteenth Amendment prohibits the government from interfering in familial relationships unless the government adheres to the requirements of procedural and substantive due process."  Croft v. Westmoreland Cnty. Children & Youth Servs., 103 F. 3d 1123, 1125 (3d Cir. 1997).

A liberal construction of Brewer's allegations suggests that she alleges that certain Defendants deprived Brewer of her parental rights based on knowingly false information and removed the children from Brewer's care without a hearing.  Brewer therefore states a deprivation of a constitutional right.  Such allegations state a constitutional claim.  See Siliven, 635 F.3d at 928-29 (noting that

removal of the child without an investigation and predeprivation hearing absent exigent circumstances violates the due process clause of the Fourteenth Amendment) (citing Brokaw v. Mercer County, 235 F.3d 1000, 1020 (7th Cir. 2000)); Brokaw, 235 F.3d at 1012 (finding substantive due process claims based on allegations that the defendants knew the allegations of child neglect were false or withheld material information and caused or conspired to cause the minor's removal of the home and separation from his parents); Hernandez ex rel. Hernandez v. Foster, 657 F.3d 463, 479-80 (7th Cir. 2011) (the parents stated a familial relations substantive due process claim where they alleged that the defendants continued to hold their child in protective custody when the defendants knew they had no reason to do so); Sebesta v. Davis, No. 12 C 7834, 2013 WL 5408796 at *3 (N.D. Ill. Sept. 26, 2013) (mother stated a familial relations substantive due process claim when she alleged facts suggesting that the defendants had no reasonable basis to indicate her for neglect); Evans ex rel. Evans v. Richardson, No. 08 C 5593, 2010 WL 1194272, at *6 (N.D. Ill. March 19, 2010) (finding the plaintiffs alleged a violation of plaintiffs' substantive due process right to familial relations when the defendants allegedly took the

child into protective custody without evidence of abuse, without a court order prior to removal, and allegedly with no petition with the court after removal, and then coerced the parents into signing a restrictive safety plan).  Brewer makes such allegations against Defendants Sproat, Allen, Lindenhour, Longknecker, and Bruhn.

Brewer has also alleged that the purported deprivation was committed by persons acting under color of law.[1]  Plaintiff Brewer alleges that Allen and Lindenhour are state workers.  While Sproat, Longknecker, and Bruhn are not state workers, a liberal construction of Plaintiff Brewer's allegations suggests that Sproat, Longknecker, and Bruhn purportedly conspired with the state workers to deprive Plaintiff Brewer of her fundamental right to parent her children.  Private parties can be found liable under § 1983 if they conspired with a state actor.  See, e.g., Thurman v. Village of Homewood, 446 F.3d 682, 687 (7th Cir. 2006) (a private actor acts under color of law if he reaches an understanding with a state official to deprive the plaintiff of her constitutional rights and

---

[1] The Court assumes the claims are brought against these Defendants in their individual capacity because an official capacity suit against a state actor would be a suit against the state and be barred by the Eleventh Amendment.  See Brokaw, 235 F.3d at 1009 ("Federal suits against state officials in the official capacities are barred by the Eleventh Amendment[.]").

the private individual willfully participated in joint activity with the state or its agents).

Brewer fails to state a claim, however, against the other Defendants.  Judge Jarman is entitled to judicial immunity for his judicial acts.  <u>Brokaw</u>, 235 F.3d at 1015 (finding a judge is entitled to absolute judicial immunity for his judicial acts unless he acted in the clear absence of jurisdiction, even if the action is erroneous, malicious, or in excess of his authority).  Moreover, Matoush and Wilson are entitled to absolute immunity for acts within the scope of their prosecutorial duties.  <u>See</u> <u>Imbler v. Pachtman</u>, 424 U.S. 409, 431 (1976) (a prosecutor is immune from a civil suit for damages when "initiating a prosecution" and "presenting the State's case").  Similarly, witnesses, like Defendant Evans, who testify in judicial proceedings are entitled to absolute immunity from liability in damages.  <u>Briscoe v. LaHue</u>, 460 U.S. 325, 345-46 (1983); <u>Stinson v. Gauger</u>, 799 F.3d 833, 840 (7th Cir. 2015) (noting that the immunity extends to preparation to testify at trial).

Plaintiff Brewer's claim against the DEA is essentially a claim against the United States, and she cannot bring a §1983 suit against the United States because §1983 applies to state actors, not

federal actors.  <u>See</u> <u>Taylor v. Hayes</u>, No. 3:04-CV-694-DRH, 2006 WL 1540824, at * 2 (S.D. Ill. Apr. 6, 2006), report & recommendation adopted by 2006 WL 1528886 (S.D. Ill. June 1, 2006).  Plaintiff Brewer fails to allege any facts against the DEA suggesting any other cause of action might exist against the DEA (and for which the United States has waived sovereign immunity). <u>See</u>, <u>e.g.</u>, <u>id.</u>

In addition, Brewer's allegations against Kaidell, Matoush, Wilson, Boerckel, Evans, and Atterbury do not state any federal claim that the Court can discern.  Furthermore, Kaidell, Boerckel, Evans, and Atterbury are not state actors, and Plaintiff Brewer has not alleged facts to suggest a conspiracy between these non-state actors and state actors so as to support a § 1983 claim.  <u>See</u> <u>Sow v. Fortville Police Dep't</u>, 636 F.3d 293, 304-05 (7th Cir. 2011) (noting that to allege conspiracy, the plaintiff must allege facts suggesting "conspirators have an agreement to inflict injury or harm upon [her]."). Even liberally construing Brewer's allegations, the Court finds that Brewer fails to state a claim against these Defendants.

Finally, Brewer's allegations that Frank and Oakley made false allegations to Brewer's case worker do not state a claim because

Frank and Oakley are not state actors and Plaintiff Brewer does not allege facts to suggest that Frank and Oakley conspired with state workers to deprive Plaintiff Brewer of her children.  Therefore, Plaintiff Brewer fails to state a § 1983 claim against Frank and Oakley.

The Court further finds that Plaintiff Young has failed to state a claim against any of the Defendants.  The only specific references to Plaintiff Young relate to a prior criminal file of his that was used in the child neglect case.  Plaintiff  Young does not allege facts to suggest that he has a familial relationship with the children.  See, e.g., Xiong v. Wagner, 700 F.3d 282 (7th Cir. 2012) (involving stepfather's substantive due process claim for an alleged violation of the right to familial relations); Gausvik v. Perez, 239 F.Supp.2d 1067, 1096 (E.D. Wash. 2002) (finding that the boyfriend of the child's mother who had lived with the child for all 14 years of the child's life had a federal due process right to familial association with the child), rev'd on other grounds 345 F.3d 813 (9th Cir. 2003).  Young does not allege facts suggesting he suffered a deprivation of a right secured by the Constitution or laws of the United States or that such deprivation was committed by a person

acting under the color of state law.  Therefore, all of Young's claims

against the Defendants are dismissed for failure to state a claim.

### III. CONCLUSION

**For the reasons stated, Plaintiffs' Motion for Leave to**

**Proceed <u>In Forma Pauperis</u> (d/e 7) is GRANTED IN PART and**

**DENIED IN PART.**  Plaintiff Brewer is granted leave to proceed <u>in

forma pauperis</u> against Defendants Joshoua Sproat, Kimberly Allen,

Bonnie Lindenhour, Scott Longknecker, and Kelli Bruhn on a

familial relations substantive due process right claim (Count I) and

against Defendants Lindenhour and Bruhn on a procedural due

process claim (Count II) under 42 U.S.C. § 1983.  Brewer fails to

state a federal claim against the remaining Defendants, and,

therefore, the claims against Patricia Kaidell, Christopher Matoush,

James Frank, Joy Oakley, Tania Boerckel, Judge Jarman, Elizabeth

Wilson, John Evans, Dennis Atterbury, and the DEA are

DISMISSED.  Plaintiff Young fails to state a claim against any

Defendants and all of Plaintiff Young's claims are DISMISSED.

IT IS FURTHER ORDERED THAT:

1)     This case is now in the process of service.  Brewer is

advised to wait until counsel has appeared for Defendants before

filing any motions, in order to give Defendants notice and an

opportunity to respond to those motions.  Motions filed before

Defendants' counsel has filed an appearance will generally be

denied as premature.  Brewer need not submit any evidence to the

Court at this time, unless otherwise directed by the Court.

     2)    The Court will attempt service on Defendants by mailing

each Defendant a waiver of service.  Defendants have 60 days from

service to file an Answer or a Motion to Dismiss.  If Defendants have

not filed Answers or Motions to Dismiss or appeared through

counsel within 90 days of the entry of this order, Brewer may file a

motion requesting the status of service.

**IT IS FURTHER ORDERED THAT THE CLERK IS
DIRECTED TO**:  **1)  ATTEMPT SERVICE ON DEFENDANTS
PURSUANT TO THE STANDARD PROCEDURES; AND, 2) SET AN
INTERNAL COURT DEADLINE 60 DAYS FROM THE ENTRY OF
THIS ORDER FOR THE COURT TO CHECK ON THE STATUS OF
SERVICE AND ENTER SCHEDULING DEADLINES.**

**LASTLY, IT IS ORDERED THAT IF A DEFENDANT FAILS
TO SIGN AND RETURN A WAIVER OF SERVICE TO THE CLERK
WITHIN 30 DAYS AFTER THE WAIVER IS SENT, THE COURT**

**WILL TAKE APPROPRIATE STEPS TO EFFECT FORMAL SERVICE THROUGH THE U.S. MARHSAL'S SERVICE ON THAT DEFENDANT AND WILL REQUIRE THAT DEFENDANT TO PAY THE FULL COSTS OF FORMAL SERVICE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(d)(2).**

ENTER: February 16, 2016

FOR THE COURT:

                 s/Sue E. Myerscough
               SUE E. MYERSCOUGH
               UNITED STATES DISTRICT JUDGE