IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| CORALIE BREWER, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | )   No. 15-3332 |
| | ) |
| JOSHUA SPROAT, BONNIE LANDWEHR, KIM ALLEN, and SCOTT LONGANECKER, | ) |
| | ) |
|    Defendants. | ) |

OPINION

**SUE E. MYERSCOUGH, U.S. District Judge.**

This cause is before the Court on the Motion for Summary Judgment (d/e 77) filed by Defendants Joshua Sproat and Scott Longanecker. Plaintiff does not oppose Defendant Longanecker's request for summary judgment, and the Court accepts Plaintiff's concession. Defendant Sproat is also entitled to summary judgment because Plaintiff presented no admissible evidence that Defendant Sproat acted under color of law or deprived her of a constitutional right, and Defendant Sproat is entitled to absolute immunity for the claim that he lied under oath and presented drug tests results in court.

# I. BACKGROUND

In December 2015, Plaintiff Coralie Brewer filed pro se an Amended Complaint (d/e 6) pursuant to 42 U.S.C. § 1983, alleging that numerous defendants deprived her of her parental rights and removed her children from her care without a hearing. Plaintiff alleged that, in October 2013, an investigator with the Department of Children and Family Services (DCFS) and a counselor with Catholic Charities removed Plaintiff's children from her home without a warrant or consent. It appeared, although was not specifically alleged, that a proceeding under the Juvenile Court Act of 1987 (705 ILCS 405/1-2 et seq.) remained pending at that time regarding Plaintiff's children.[1] Plaintiff sought compensatory damages of $10 million, punitive damages, and such injunctive, declaratory, or other relief as may be appropriate. Am. Compl. at 6 (the request for injunctive and declaratory relief was part of the pre-printed complaint form Plaintiff used and Plaintiff does not identify any injunctive or declaratory relief sought).

---

[1] According to Plaintiff's deposition, attached to the Motion for Summary Judgment (d/e 77-2), Plaintiff's parental rights were terminated on September 30, 2016 in Montgomery County Case Nos. 13-JA-11, 13-JA-12, 13-JA-13, and 13-JA-14 (the juvenile court cases).

As is relevant to the pending motion, Plaintiff alleged that Defendant Joshua Sproat, a child welfare specialist with Family Service Center[2], allegedly opened a criminal file relating to Douglas Young, Plaintiff's boyfriend, without court permission and which purportedly harmed Plaintiff's case relating to her children. Plaintiff admits the criminal file refers to Montgomery County, Illinois, Circuit Court Case No. 2006CF45 pertaining to Douglas Young. See Undisputed Fact No. 9 (d/e 77); Pl. Resp. at 2 (d/e 80). Sproat also allegedly gave Plaintiff an illegal drug test and lied under oath. Plaintiff admits that, by alleging that Defendant Sproat lied under oath, she means that he lied under oath to the judge in open court in the juvenile court cases. Undisputed Fact No. 17 (d/e 77); Pl. Resp. at 3 (d/e 80).

Defendant Scott Longanecker, a Family Service Center supervisor, allegedly told Sproat to lie under oath and terminate Plaintiff's visits by giving Plaintiff an illegal drug test. Longanecker also allegedly threatened Plaintiff's brother, who had custody of

---

[2] The parties do not address but appear to agree that Family Service Center is not a state agency.  See also http://www.service2families.com/about ("Family Service Center is a licensed non-profit social-service agency located in Central Illinois.") (last visited May 24, 2017).

Plaintiff's children, that if the rest of Plaintiff's family sees the children, Sproat will take the children away.

This Court found that a liberal construction of Plaintiff's complaint suggested that she stated a claim of a deprivation of a constitutional right—the fundamental right to make decisions concerning the care, custody, and control of her children pursuant to the Due Process Clause of the Fourteenth Amendment—against various defendants, including Sproat and Longanecker. See Opinion at 8-9, 14 (d/e 17) (finding Plaintiff stated a familial relations substantive due process right claim against Defendants Sproat and Longanecker). The Court noted that Defendants Sproat and Longanecker were not state workers but that a liberal construction of the Amended Complaint suggested that Sproat and Longanecker purportedly conspired with state workers to deprive Plaintiff of her constitutional right. Id. at 10. In July 2016, United States Magistrate Judge Tom Schanzle-Haskins appointed counsel to represent Plaintiff. See July 15, 2016 Text Order.

On January 30, 2017, Defendants Sproat and Longanecker filed the Motion for Summary Judgment (d/e 77) at issue herein. Defendants argue that Plaintiff has no admissible evidence to show

that either of them acted under color of law by conspiring with a state actor to deprive Plaintiff of her fundamental right to parent her children. In addition, Defendants assert that Plaintiff has no evidence that Defendant Longanecker did anything that deprived Plaintiff of her "family rights." Id. at 11. Finally, Defendants argue that summary judgment is proper against Defendant Sproat because it was permissible for Sproat to open a criminal file relating to Young, Plaintiff voluntarily submitted to Sproat's request for a drug test, and Sproat is entitled to absolute immunity even if he lied under oath in the child custody case.

Plaintiff does not oppose the granting of summary judgment on behalf of Defendant Longanecker. Resp. at 4 (d/e 80). The Court accepts Plaintiff's concession and grants summary judgment in favor of Defendant Longanecker.

Plaintiff also does not dispute that Sproat was within his rights to review a prior, public court file and that Plaintiff voluntarily submitted to a drug test that she did not believe was legal. Plaintiff summarily argues, however, that she has pled and supported a § 1983 claim for interference with familial relationship

against Defendant Sproat.  Id. at 5.³  Plaintiff also argues that Defendant Sproat is not entitled to absolute immunity for performing the investigative functions of a case worker, such as requesting a drug test and relying on knowingly inaccurate information.  Plaintiff does not directly address Defendants' argument that Plaintiff lacks admissible evidence to show that Defendant Sproat conspired with state actors.

## II. LEGAL STANDARD

Summary judgment is proper if the movant shows that no genuine dispute exists as to any material fact and that the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).  The movant bears the initial responsibility of informing the court of the basis for the motion and identifying the evidence the movant believes demonstrates the absence of a genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).  No genuine issue of material fact exists if a reasonable jury could not find in favor of the nonmoving party.

---

³ Plaintiff also argues that she has sufficiently pled and supported a claim for the intentional infliction of emotional distress.  Resp. at 5 (d/e 80).  However, while the initial complaint contained such a claim, the amended complaint did not.  Therefore, this Court will not address any intentional infliction of emotional distress claim.

Brewer v. Bd. of Trs. of the Univ. of Ill., 479 F.3d 908, 915 (7th Cir. 2007). When ruling on a motion for summary judgment, the court must consider the facts in the light most favorable to the nonmoving party, drawing all reasonable inferences in the nonmoving party's favor. Woodruff v. Mason, 542 F.3d 545, 550 (7th Cir. 2008).

If the movant can show the absence of some fact the nonmovant would have to prove at trial, the nonmovant must come forward with evidence to show that a genuine issue exists. Alexander v. City of S. Bend, 433 F.3d 550, 554 (7th Cir. 2006). However, the nonmovant "need only produce evidence sufficient to potentially persuade any reasonable jury." Blasius v. Angel Auto., Inc., 839 F.3d 639, 648 (7th Cir. 2016) (emphasis in original).

### III. ANALYSIS

Liability under 42 U.S.C. § 1983 requires proof (1) of the deprivation of a right secured by the Constitution or laws of the United States, and (2) that the alleged deprivation was committed by a person acting under the color of state law. See Pittman ex rel. Hamilton v. Cnty. of Madison, Ill., 746 F.3d 766, 775 (7th Cir. 2014); Rodriguez v. Plymouth Ambulance Serv., 577 F.3d 816, 822

(7th Cir. 2009). The conduct of private actors can constitute state action where private actors conspire with state actors to deprive a person of constitutional rights; the state compels the discriminatory action; the state controls a nominally private entity; the state is entwined with the private entity's management or control; the state delegates a public function to a private entity; or there is such a "close nexus between the state and the challenged action that seemingly private behavior reasonable may be treated as that of the state itself." Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7, 570 F.3d 811, 815-16 (7th Cir. 2009) (citing cases). The plaintiff must "identify a sufficient nexus between the state and the private actor to support a finding that the deprivation committed by the private actor is fairly attributable to the state." L.P. v. Marian Catholic High Sch., 852 F.3d 690, 696 (7th Cir. 2017) (internal quotation marks omitted).

Defendant Sproat focuses on whether Plaintiff submitted any evidence to show that Defendant Sproat, a child welfare specialist with Family Service Center, conspired with state actors. Plaintiff testified at her deposition as follows regarding her belief that Defendant Sproat conspired with others:

Q. So in terms of anything that Joshua Sproat did that you believe interfered with your rights, do you think he was working with anyone else to do that?

A. Yes.

Q. Okay. Tell me who you think he was working with.

A. The State's Attorney.

Q. Okay. And how would you—how would you prove that or how would you suggest that you know that?

A. Because every time when he come [sic] up to court he'd go straight over to the State's Attorney's office.

Q. Okay. But you never heard anybody say anything that Joshua Sproat was doing things the State's Attorney told him to do, right?

A. I never heard that, no.

Q. Okay. You don't know anybody that claims to have heard something like that, right?

A. No, I don't claim that.

Q. Okay. So it's just your belief that doesn't have any real proof that Joshua Sproat was doing things that the State's Attorney told him to do, right.

A. They were all working together.

Q. Okay. I know that you believe that. I want to know why you believe it in terms of has somebody told you that?

A. I do—yes.

> Q. Okay. Who told you that?
>
> A. My ex-paramour that I was with, Doug Young.
>
> Q. Okay. And Doug Young told you that he has some evidence that the State's Attorney and Joshua Sproat are working against you together?
>
> A. He just told me that they were working against me where I couldn't get my kids back.
>
> Q. Okay. He didn't tell you why he believed that, did he?
>
> A. No.
>
> Q. Okay. Anybody else other than the State's Attorney do you think was telling Joshua Sproat what to do in terms of violating your rights?
>
> A. No.

Pl. Tr. at 51-53 (d/e 77-2); see also Undisputed Fact No. 18 (d/e 77); Pl. Resp. to Undisputed Fact No. 18 (d/e 80).

In her response to the Motion for Summary Judgment, Plaintiff provides no additional material facts and submitted no affidavits or other evidence to show that Defendant Sproat conspired with state actors. In fact, Plaintiff does not even provide any argument about whether Defendant Sproat acted under color of law. Therefore, Plaintiff has forfeited her § 1983 claim against Defendant Sproat. See Citizens for Appropriate Rural Roads v.

Foxx, 815 F.3d 1068, 1078 (7th Cir. 2016) (finding that the plaintiffs waived their claims in counts 9, 14, 15, and 16 by failing to respond in any way to the arguments advanced by the defendants in the defendants' motion for summary judgment).

Even if the claims were not forfeited, Plaintiff, as the nonmoving party, "must point to specific facts showing that there is a genuine issue for trial, and inferences relying on mere speculation or conjecture will not suffice." Stephens v. Erickson, 569 F.3d 779, 786 (7th Cir. 2009). Plaintiff has failed to point to any specific facts showing a genuine issue for trial. Because Plaintiff has presented no evidence from which a jury could reasonably find that Defendant Sproat acted under color of law, Defendant Sproat is entitled to summary judgment.

In addition, even assuming Defendant Sproat was acting under color of law, Plaintiff has not identified a genuine issue of fact regarding whether Defendant Sproat deprived her of a constitutional right. As noted above, Plaintiff alleged that Defendant Sproat violated her rights by reviewing a criminal file relating to Douglas Young without court permission, giving Plaintiff an illegal drug test, and lying under oath at the juvenile court

hearings. In her response to the motion for summary judgment, however, Plaintiff does not dispute that Defendant Sproat was within his rights to review a prior, public court file of Douglas Young. Pl. Resp. at 4. Plaintiff also does not dispute that she voluntarily submitted to the drug test after consulting with her attorney. Resp. at 4; <u>see</u> <u>also</u> Undisputed Fact No. 15; Pl. Resp. at 3. Given Plaintiff's concessions, Defendant Sproat's review of Young's public file and request that Plaintiff submit to a drug test could not have violated Plaintiff's constitutional rights. <u>See</u>, <u>e.g.</u>, <u>Johnson v. Miller</u>, 680 F.2d 39, 41 (7th Cir. 1982) (section 1983 "punishes wrongful conduct").

Plaintiff also does not dispute that Defendant Sproat presented Plaintiff's positive drug test results to the judge in the juvenile court cases although she does contest the veracity of his presentation to the court. <u>See</u> Undisputed Fact No. 13; Pl. Resp. at 3. Plaintiff argues that Defendant Sproat is not entitled to absolute immunity for his conduct outside the courtroom, which she describes as the request for the drug test and Sproat's knowing reliance on "inaccurate information," which appears to be a

reference to his presentation of the drug test results to the juvenile court.  See Resp. at 7.

Defendant Sproat is entitled to absolute immunity from damages for acts in court, including allegedly lying under oath and presenting allegedly false drug test results to the juvenile court judge.  "Prosecutors and witnesses are absolutely immune from liability in damages on account of their acts in court."  Millspaugh v. Cnty. Dept. of Public Welfare of Wabash Cnty., 937 F.2d 1172, 1175-76 (7th Cir. 1991) (holding that "social workers and like public officials are entitled to absolute immunity in child custody cases on account of testimony and other steps taken to present the case for decision by the court"); see also Pelham v. Albright, No. 3:11 CV 99, 2012 WL 1600455, at *7 (N.D. Ind. May 4, 2012) (finding absolute immunity protected Department of Child Services attorney and case manager alleged to have conspired to place false testimony and information known to be false before a court).  In addition, Plaintiff has presented no evidence supporting the allegation that the drug test results were false.  For all of these reasons, the Court finds that Defendant Sproat is entitled to summary judgment.

## IV. CONCLUSION

For the reasons stated, the Motion for Summary Judgment (d/e 77) filed by Defendants Joshua Sproat and Scott Longanecker is GRANTED.  The case remains pending against Defendants Bonnie Landwehr and Kim Allen, who have a motion for summary judgment pending.

**ENTER:  May 24, 2017**

**FOR THE COURT:**

                      *s/Sue E. Myerscough*
                    **SUE E. MYERSCOUGH**
                    **UNITED STATES DISTRICT JUDGE**