# IN THE UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
# SPRINGFIELD DIVISION

| | |
|---|---|
| CORALIE BREWER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 15-3332 |
| | ) |
| JOSHUA SPROAT, BONNIE | ) |
| LANDWEHR, KIM ALLEN, and | ) |
| SCOTT LONGANECKER, | ) |
| | ) |
| Defendants. | ) |

## OPINION

**SUE E. MYERSCOUGH, U.S. District Judge.**

This cause is before the Court on the Motion for Summary Judgment (d/e 84) filed by Defendants Bonnie Landwehr and Kim Allen. Because Plaintiff's claims are barred by the statute of limitations, the Motion is GRANTED.

## I. BACKGROUND

On December 1, 2015, Plaintiff Coralie Brewer filed a pro se Complaint. On December 16, 2015, Plaintiff filed an Amended Complaint seeking compensatory damages of $10 million, punitive damages, and such injunctive, declaratory, or other relief as may be appropriate.

As is relevant to the Motion for Summary Judgment, Plaintiff alleged that Defendant Landwehr, an investigator with the Department of Children and Family Services (DCFS), removed Plaintiff's children from Plaintiff's care without a warrant or consent and lied under oath. Plaintiff alleged that Defendant Allen, a DCFS investigator, made false accusations that one of Plaintiff's children was sexually abused and that Plaintiff abused her children. Plaintiff also alleges that Allen badgered Plaintiff's children by making them lie.

After a merit review, this Court found that Plaintiff stated a familial relations substantive due process claim against Defendant Landwehr and Defendant Allen and a procedural due process claim against Defendant Landwehr all pursuant to 42 U.S.C. § 1983. In July 2016, United States Magistrate Judge Tom Schanzle-Haskins appointed counsel to represent Plaintiff.

In April 2017, Defendants Landwehr and Allen filed their Motion for Summary Judgment. Defendants assert that they are entitled to summary judgment because Plaintiff's claims are barred by the statute of limitations and the Rooker-Feldman doctrine. See Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923) and District of

Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983) (holding that the United States Supreme Court is the only federal court that may review judgments entered by state courts in civil litigation). In the alternative, Defendants assert they are entitled to qualified immunity.

## II. FACTS

The following facts are taken from Defendants' Statement of Undisputed Facts.

Plaintiff is a resident of Litchfield, Illinois in Montgomery County. Plaintiff gave birth to four children—E.F., S.F., J.F., and H.F. In 2013, the Montgomery County State's Attorney initiated juvenile abuse and neglect cases for each of Plaintiff's four children.

On October 30, 2013, DCFS received a report of abuse or neglect involving Plaintiff and her children, E.F., S.F., J.F., and H.F. It was reported that Plaintiff had allowed her paramour, Scott Stewart, to have contact with her children in violation of a no-contact order by the Montgomery County Circuit Court.

Defendants assert, but Plaintiff denies, that the children, Plaintiff, and Plaintiff's mother all confirmed that Stewart had been in the home. Plaintiff also denies that E.F. indicated that Stewart

hit the children and called them names and that J.F. alleged that Stewart "hit him all over."

The Montgomery County State's Attorney and DCFS personnel determined that DCFS should take protective custody of the children and the State's Attorney would begin shelter-care proceedings. On October 31, 2013, DCFS took protective custody of each of the children. Defendant Landwehr picked up S.F. and E.F. from school and J.F. and H.F. from daycare. Defendant Landwehr and the children went to McDonalds to eat and then to the Litchfield Family Practice for Healthworks. Thereafter, H.F. was dropped off with a relative in Greenville, J.F. was taken to a licensed foster home in Brighton, and S.F. and E.F. were delivered to a maternal uncle's home in Brighton. Defendant Allen was not present and did not participate in taking protective custody of the children.[1]

On November 1, 2013, the Montgomery County State's Attorney filed an application for shelter care for each of Plaintiff's

---

[1] In the summary judgment briefs, the parties do not discuss Allen's role in this case. For the sake of context only, the Court notes that Plaintiff testified that Allen informed Plaintiff of the allegations, interviewed the children, and attended the first couple of hearings prior to the State filing the application for shelter care on November 1, 2013 and before Plaintiff's children were removed. See Pl. Dep. at 12-22 (d/e 85-1).

four children.  That same day, the judge presiding over the juvenile cases entered Orders of Temporary Custody for each of the four minor children and granted custody to DCFS with authority to place.  In its Orders, the Court found probable cause existed for the State's petition because Plaintiff had allowed her children to have contact with Scott Stewart.

Plaintiff received notice of the State's applications for shelter care and the court hearing regarding the temporary custody order.  Plaintiff was present for the juvenile court proceedings and was represented by counsel.

Defendant Landwehr also attended the shelter-care hearing where DCFS was granted temporary custody and found to have probable cause.  However, Landwehr has no recollection of whether she testified at the shelter-care hearing.  Plaintiff believes, however, that Defendant Landwehr provided dishonest testimony to the Montgomery County Court on November 1, 2013 and that Landwehr's dishonest testimony directly led to Plaintiff's children being removed from Plaintiff's care and custody.  See Pl. Aff. at ¶ 4 (d/e 88-1).

Plaintiff's last contact with either Defendant Landwehr or Defendant Allen occurred on November 1, 2013. Plaintiff admits that she brought this lawsuit to challenge the judge's decision ordering the removal of the children from her home. Plaintiff also asserts, however, that paragraph 15 of Defendants' statement of undisputed facts does not articulate all of the reasons she brought the suit before the Court.

As a result of DCFS's investigation, Plaintiff was indicated for substantial risk of physical injury/environment injurious to health and welfare by neglect. On September 2, 2016, Plaintiff's parental rights were terminated.

### III. LEGAL STANDARD

Summary judgment is proper if the movant shows that no genuine dispute exists as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The movant bears the initial responsibility of informing the court of the basis for the motion and identifying the evidence the movant believes demonstrates the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). No genuine issue of material fact exists if a reasonable jury could not

find in favor of the nonmoving party.  Brewer v. Bd. of Trs. of the Univ. of Ill., 479 F.3d 908, 915 (7th Cir. 2007).

When ruling on a motion for summary judgment, the court must consider the facts in the light most favorable to the nonmoving party, drawing all reasonable inferences in the nonmoving party's favor.  Blasius v. Angel Auto., Inc., 839 F.3d 639, 644 (7th Cir. 2016).  Summary judgment on the basis of a statute of limitations defense is proper where (1) the statute of limitations has run, and the plaintiff's claim is barred as a matter of law and (2) no genuine issues of material fact exist regarding the accrual or tolling of the statute of limitations.  See Massey v. United States, 312 F.3d 272, 276 (7th Cir. 2002); S.E.C. v. Seaboard Corp., 677 F.2d 1289, 1293 (9th Cir. 1982) (citing C. WRIGHT & A. MILLER, Federal Practice and Procedure § 2734 at 647-48 (1973)).

### IV. ANALYSIS

Defendants argue that they are entitled to summary judgment because Plaintiff's claims are barred by the statute of limitations and the Rooker-Feldman doctrine.  Defendants argue in the alternative that they are entitled to qualified immunity.

A two-year statute of limitations applies to Plaintiff's claims against Defendants Landwehr and Allen. Ray v. Maher, 662 F.3d 770, 772 (7th Cir. 2011) (because federal law does not set the limitation period in § 1983 actions, the court looks to the limitation period for personal injury actions under state law) (citing 42 U.S.C. § 1988(a)); Bryant v. City of Chi., 746 F.3d 239, 241 (7th Cir. 2014) (noting that, in Illinois, § 1983 actions are subject to the two-year statute of limitations in 735 ILCS 5/13-202). The statute of limitations generally begins to run when the plaintiff knows or has reason to know that her constitutional rights have been violated. Wilson v. Giesen, 956 F.2d 738, 740 (7th Cir. 1992).

Plaintiff alleges conduct by Defendants Landwehr and Allen that occurred on October 31, 2013 and November 1, 2013. Plaintiff admits that her last contact with either Landwehr or Allen occurred on November 1, 2013. Plaintiff did not file suit until December 1, 2015, two years and one month later.

Plaintiff acknowledges that her Complaint was filed beyond the statute of limitations but asserts that the statute of limitations should be equitably tolled until the date the state court proceeding concluded in September 2016. Plaintiff asserts that she was

involved in the juvenile proceedings and "had reason to believe that a remedy was at hand pending the outcome of the state proceedings." Resp. at 3 (d/e 88).

Illinois law also governs equitable tolling in this case. See Ray, 662 F.3d at 772 (state tolling rules apply in a § 1983 action); Rosado v. Gonzalez, 832 F.3d 714, 717 (7th Cir. 2016). Under Illinois law, equitable tolling may apply where the defendant actively misled the plaintiff, the plaintiff was prevented from asserting her rights in some extraordinary way, or the plaintiff mistakenly asserted her rights in the wrong forum. See Clay v. Kuhl, 189 Ill. 2d 603, 614 (2000); Rosado, 832 F.3d at 717 (applying Illinois law). In addition, a plaintiff must act diligently to file her suit. Rosado, 832 F.3d at 717. That is, the plaintiff must file the lawsuit promptly after the circumstances justifying the delay no longer exist. Rosado, 832 F.3d at 716.

Plaintiff does not argue that Defendants actively misled her or that she mistakenly asserted her rights in the wrong forum. Therefore, the Court interprets Plaintiff's argument as one asserting that she was prevented from asserting her rights in some extraordinary way. Extraordinary barriers to filing include suffering

from a legal disability, an irremediable[2] lack of information, or a situation where the plaintiff could not learn the identity of the proper defendants through the exercise of due diligence. See <u>Griffin v. Willoughby</u>, 369 Ill.App.3d 405, 416 (2006); <u>Thede v. Kapsas</u>, 386 Ill.App.3d 396, 403 (2008). Plaintiff does not allege or present any facts suggesting that she suffered a legal disability, that a lack of information was irremediable, or that she could not learn the identity of the proper defendants through the exercise of due diligence.

    Moreover, Plaintiff's stated reasons for failing to file within the statute of limitations—her participation in the pending state juvenile court litigation and her belief that she might obtain relief in that forum—do not constitute extraordinary circumstances. Plaintiff's claims against Defendants Landwehr and Allen center around the initial removal of Plaintiff's children from Plaintiff's home and the state court's subsequent temporary custody orders, which found probable cause and an immediate and urgent necessity to remove the minors from the home. Plaintiff seeks $10

---

[2] Some courts cite this word as "irredeemable." See <u>Thede</u>, 386 Ill. App. 3d at 403.

million in damages in this lawsuit—relief the state court could not have granted to her in the juvenile proceedings—and filed this lawsuit approximately nine months before the state court proceedings concluded. These facts belie Plaintiff's bare assertion that she was prevented from asserting her rights due to the pendency of the state court proceedings and her belief that the juvenile proceedings would provide her relief. The Court finds that Plaintiff's participation in the state court proceedings and belief that a remedy was at hand pending the outcome of the state proceedings simply do not constitute the type of "extraordinary barrier" Illinois courts recognize as sufficient to toll the statute of limitations. See Thede, 386 Ill.App.3d at 403 (affirming summary judgment where the record belied the plaintiff's assertion that, but for the language in the consent form, she would have timely filed suit against the physician where she filed an untimely suit against the hospital as well).

Because Plaintiff's claims against Defendants Landwehr and Allen are barred by the statute of limitations, the Court need not address Defendants' argument that the claims are barred by the Rooker-Feldman doctrine or address qualified immunity. The Court

notes, however, that issue preclusion, not Rooker-Feldman, may have been the more proper argument to the extent Plaintiff claims that Defendant Landwehr lacked probable cause to remove Plaintiff's children. See Jensen v. Foley, 295 F.3d 745, 748 (7th Cir. 2002) (finding that where the plaintiffs complained of an injury caused by the underlying taking of their child by DCFS and not the state court's subsequent temporary custody order, the suit implicated the preclusion doctrine, not the Rooker-Feldman doctrine, and further finding that issue preclusion barred the claim that the agents lacked probable cause to remove the children). In addition, to the extent Plaintiff asserts that Defendants testified falsely before the juvenile court judge, the Court notes that "witnesses are absolutely immune from liability in damages on account of their acts in court." Millspaugh v. Cnty. Dept. of Public Welfare of Wabash Cnty., 937 F.2d 1172, 1175-76 (7th Cir. 1991) (holding that "social workers and like public officials are entitled to absolute immunity in child custody cases on account of testimony and other steps taken to present the case for decision by the court"); see also Pelham v. Albright, No. 3:11 CV 99, 2012 WL 1600455, at *7 (N.D. Ind. May 4, 2012) (finding absolute immunity

protected Department of Child Services attorney and case manager alleged to have conspired to place false testimony and information known to be false before a court). However, Defendants do not make that argument.

## V. CONCLUSION

For the reasons stated, Defendant Landwehr and Allen's Motion for Summary Judgment (d/e 84) is GRANTED. Because all of Plaintiff's claims against all of the defendants have now been resolved, the Clerk is DIRECTED to enter judgment. This case is CLOSED and all pending deadlines and hearings are VACATED.

**ENTER: June 16, 2017**

**FOR THE COURT:**

                    *s/Sue E. Myerscough*
                 **SUE E. MYERSCOUGH**
                 **UNITED STATES DISTRICT JUDGE**